IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:14-CV-251

MARCIA ZUZUL,

    Plaintiff,

v.

ERIC K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS
AGENCY, and WILLIAM PEARSON, M.D.

    Defendants.

**PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(D)**

NOW COMES Plaintiff Marcia Zuzul, by and through her counsel, and respectfully moves this court for relief pursuant to Federal Rule of Civil Procedure 56(d). An affidavit from Plaintiff's counsel listing specific reasons that Plaintiff cannot fully present facts essential to her opposition to the Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment, without discovery is attached hereto as Exhibit A and incorporated herein by reference.

1. On May 29, 2014, Defendant Eric K. Shinseki, Secretary of the Department of Veterans Affairs Agency ("Agency") and the United States of America filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. In support of its dispositive motions, Defendant submitted the Declarations of Winnie Reaves and Daniel C. Rattray and supporting exhibits.

2. On June 18, 2014, Plaintiff filed a Motion for Extension of Time to Respond to Defendants' Motion to Dismiss and, in the alternative, Motion for Summary Judgment. The Court granted the extension on June 19, 2014, extending Plaintiff's time to respond until July 24, 2014.

1

3. Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment, is based on the Declarations of Winnie Reaves and Daniel C. Rattray and the accompanying exhibits.

4. Rule 12(d) of the Federal Rules of Civil Procedure provides that if matters outside the pleadings are presented to and not excluded by the Court, the motion to dismiss pursuant to Rule 12(b)(6) "must be treated as one for summary judgment under Rule 56. "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

5. Rule 56 provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents,...affidavits,...interrogatory answers, or other materials...."

6. Rule 56(d) provides that if it appears from the affidavit or declaration of a party opposing a motion for summary judgment that the party cannot present facts essential to justify its opposition, then "the court may defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order."

7. The Supreme Court has stated that a plaintiff must present affirmative evidence in order to defend against a properly supported motion for summary judgment, "even where the evidence is in the possession of the defendant, *so long as the plaintiff has had a full opportunity to conduct discovery*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (emphasis added).

8. The Supreme Court has held that summary judgment may be granted only after the non-moving party has had an "adequate time for discovery." *Celotex Corp. v. Catrett*, 447 U.S. 317, 322 (1986).

9. The Court has not issued a pre-trial order in this case and there has been no Rule 26(f) Report submitted to the Court. Defendants have not filed an Answer, and neither party has had the opportunity to engage in discovery.

10. The Defendants' alternative Motion for Summary Judgment essentially asks the Court to decide the entire case based on Ms. Reaves and Mr. Rattray's Declarations, without the Defendants filing an Answer or the parties conducting any discovery. Ms. Reaves is a Staff Attorney in the Office of Regional Counsel Department of Veterans Affairs, in Winston-Salem, North Carolina, who does not have personal knowledge of the events alleged in this action. Mr. Rattray is Regional Counsel for the Department of Veterans Affairs, responsible for the states of Virginia and North Carolina. He also does not have personal knowledge of the events alleged in this action. "Generally an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court." *Evans v. Tech. Applications and Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). Pursuant to Rule 56, affidavits submitted for summary judgment must contain admissible evidence based on personal knowledge. *Id.* The record is incomplete, and discovery is necessary on multiple issues as specified in the attached affidavit.

11. The Defendant will not be prejudiced if both parties engage in adequate discovery prior to the Court's ruling on Defendants' dispositive motions, including interrogatories, requests for production of documents, and depositions.

3

12. A memorandum of law in support of this motion is filed herewith.

WHEREFORE, Plaintiff hereby moves that Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment, be denied pursuant to Rule 56(d) and that Plaintiff have such other relief as the Court deems just and proper. In the alternative, Plaintiff moves the Court to defer consideration of the Motion for Summary Judgment and allow Plaintiff the opportunity to take discovery of additional essential facts to support her claims.

Respectfully submitted, this the 24th day of July 2014.

**MALONEY LAW & ASSOCIATES, PLLC**

/s/ Margaret Behringer Maloney
Margaret Behringer Maloney, N.C. Bar No. 13253
Tamara L. Huckert, N.C. Bar No. 35348
Audrey C. Page, N.C. Bar No. 32857
1824 East 7th Street
Charlotte, NC 28204
mmaloney@maloneylegal.com
thuckert@maloneylegal.com
apage@maloneylegal.com
Telephone: 704-632-1622
Facsimile: 704-632-1623
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO RULE 56(D)** with the Clerk of Court using the CM/ECF system which will send electronic notification to counsel for Defendants as follows:

>Joan B. Binkley
>Assistant United States Attorney
>NCSB # 18100
>United States Attorney's Office
>101 South Edgeworth Street, 4th Floor
>Greensboro, NC 27401
>Telephone: (336) 333-5351
>joan.binkley@usdoj.gov
>
>John Brem Smith
>SMITH LAW FIRM, P.C.
>5950 Fairview Road, Suite 710
>Charlotte, North Carolina 28210
>jsmith@smithlawfirm.biz

This the 24th day of July, 2014.

>/s/ Margaret Behringer Maloney
>Margaret Behringer Maloney

MALONEY LAW & ASSOCIATES, PLLC
1824 East Seventh Street
Charlotte, NC 28204
Telephone: (704) 632-1622
Facsimile: (704) 632-1623