IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:14-CV-251

| | |
|---|---|
| MARCIA ZUZUL,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS AGENCY, and WILLIAM PEARSON, M.D.<br><br>        Defendants. | **AFFIDAVIT OF MARGARET BEHRINGER MALONEY IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO RULE 56(D)** |

The AFFIANT, first being duly sworn, deposes and states as follows:

1. My name is Margaret Behringer Maloney. I am a citizen and resident of Mecklenburg County, North Carolina, and am an attorney, duly licensed to practice law in the State of North Carolina, including the Middle District of North Carolina. I practice law with the firm Maloney Law & Associates, PLLC in Charlotte, North Carolina, and I represent the Plaintiff in this action.

2. In my capacity as attorney for the Plaintiff, Marcia Zuzul, I have reviewed Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment, as well as the supporting brief, the Declarations of Winnie Reaves and Daniel C. Rattray, and the supporting documents. I have also reviewed documents in the possession of my client relating to the issues raised in Defendants' motions and supporting brief.

3. The Court has not issued a pre-trial order in this case, and there has been no Rule 26(f) Report submitted to the Court. Defendants have not filed an Answer, and neither party has had the opportunity to engage in discovery.

1

4. As counsel for Plaintiff, it is my belief that discovery on the following topics is necessary for Plaintiff to obtain facts essential to fully present her case and fully justify her opposition to the Defendants' Motion for Summary Judgment before the Court:

   a. Information regarding adverse employment actions against Plaintiff and the motive and intent for those adverse employment actions, including but not limited to Plaintiff's personnel file, circumstances of the adverse employment actions, the decisions and implementation of adverse employment actions, the basis of any pretext for the adverse employment actions asserted by W.G. "Bill" Hefner Medical Center ("VAMC"), the terms and conditions of Plaintiff's employment, comments and presentations to the Professional Standards Board and other boards regarding Plaintiff, the circumstances, communications about, and conduct of chart audits to which Plaintiff was subjected, reports of Plaintiff's inadequate and substandard care of patients to supervisors and management and the circumstances of those reports, management's investigation of those reports, the conduct, and communications proceeding from and circumstances of the Fact Findings conducted in relation to the allegations in this matter, the identity of individuals making reports about Plaintiff's care of patients and adherence to practice standards and charting requirements, the Focused Professional Practice Evaluation and Plaintiff's compliance with its requirements, the decision to place Plaintiff on the Focused Professional Practice Evaluation, Plaintiff's on-call response to the VAMC on January 9, 2013, the communications between or among the VAMC, Zuzul, or Pearson on January 9, 2013, and the conduct, communication in, and circumstances of the June 20, 2013 departmental meeting;

b. Policies for patient care, including but not limited to the on-call policy, changing the anesthesia care plan for a patient, care of patients by the Anesthesia Department, charting, audits, presentations to the nursing professional standards committee, and monitoring of vital signs by certified nurse anesthetists ("CRNAs");

c. The structure and function of the Anesthesia Department in the VAMC, including but not limited to the reporting and supervisory structure of the Anesthesia Department, job duties of individuals identified or named in Plaintiff's Verified Amended Complaint and Defendants' declarations and supporting documents, and the relationship between anesthesiologists and CRNAs, particularly Defendant Pearson;

d. Measures taken by the VAMC to protect Plaintiff from threats, assaults, batteries, harassment, hostile work environment, discrimination, or retaliation, including but not limited to the VAMC's equal employment opportunity policies and procedures, the VAMC's notice of Plaintiff's complaints regarding harassment, hostile work environment, discrimination, or retaliation, investigations by the VAMC administration regarding Plaintiff's reports of tortious or inappropriate behavior by Pearson, harassment, hostile work environment, discrimination, or retaliation, management's response to Plaintiff's concerns of tortious behavior, harassment, hostile work environment, discrimination, or retaliation, circumstances and conduct of the Fact Findings conducted by the VAMC, VAMC procedures and policies relating to responses to complaints of and protecting employees from tortious conduct, harassment, hostile work environment, discrimination, or retaliation, disciplinary actions or admonishments or coaching of Pearson or others who have

been involved in the tortious conduct, harassment, hostile work environment, discrimination, or retaliation against Plaintiff; and

e. Comparator information for the male CRNAs, black CRNAs, and CRNAs that have not filed Equal Employment Opportunity ("EEO") complaints, including but not limited to adverse employment actions, the terms and conditions of employment, and VAMC's responses to complaints of tortious conduct, harassment, hostile work environment, discrimination or retaliation by identified comparators.

5. The information and documents identified in paragraph four are in the possession of the Defendants, not Plaintiff. Plaintiff does not have access to this information without the benefit of discovery. I believe the information and documentation about the topics identified in paragraph four exists and is in the possession of Defendants.

6. In addition to written discovery on the above topics, the depositions of the following individuals are necessary to obtain facts to support Plaintiff's opposition to Defendants' alternative Motion for Summary Judgment:

a. William Pearson, M.D., Staff Anesthesiologist;

b. Paul Lucha, D.O., Chief of Staff;

c. Robert Blok, M.D., Chief of Anesthesia;

d. Jean-Mary Breton, M.D., Staff Anesthesiologist;

e. Parag Dalsania, M.D., Interim Chief of Staff;

f. Jeanette Burleson, CRNA;

g. Dan Schondelmeir, CRNA;

h. Sharon Yeardy, CRNA;

i. Helen Malone, M.D.;

4

j.  Danny Bush, R.N.;

k.  Coleen Stewart, M.D.;

l.  Steve Leder, M.D.;

m.  Wendy Bostian, Anesthesia Tech;

n.  Crystal Hazelbaker, Administrator On Duty;

o.  Sharon Machovina, American Federation of Government Employee's Steward;  and,

p.  John Jones.

Each of these individuals has personal knowledge of Plaintiff's work environment and the adverse actions and increased scrutiny that Plaintiff has endured.  Drs. Dalsania, Lucha, and Blok have personal knowledge of the notice of Plaintiff's complaints of harassment, hostile work environment, discrimination, or retaliation and investigations and measures taken to protect Plaintiff, or lack thereof, in response to those complaints.  Plaintiff is unable to contact management pursuant to the Rules of Professional Conduct of the North Carolina State Bar.  Drs. Lucha, Blok, and Dalsania are members of management.  Further, current employees are reluctant to volunteer testimony adverse to their employer and need to be subpoenaed.  Plaintiff may also need to depose other individuals identified through discovery.

7.      Discovery on the identified topics is necessary to show genuine issues of material facts essential to the Court's decision on Plaintiff's Opposition to Summary Judgment including arguments regarding adverse actions taken against Plaintiff, tortious conduct, harassment, hostile work environment, discrimination or retaliation because of Plaintiff's protected classes and previous EEO activity, harassment, hostile work environment, discrimination, harassment, or retaliation by the VAMC management by failing to investigate, remedy, or protect Plaintiff from continued discrimination and retaliation, the severity and pervasiveness of hostility in Plaintiff's

5

work environment, and disparate treatment when compared to comparators who are outside her protected class or who have not engaged in prior EEO activity.

8. The Plaintiff will submit a Memorandum in Opposition to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment to address the factual and legal issues raised in Defendants' motions and supporting brief; however, absent discovery Plaintiff is unable to present facts essential to justify her opposition.

9. Pursuant to Rule 56(d), a postponement, in the least, by the Court with respect to the ruling on Defendants' dispositive motions will provide Plaintiff with the opportunity to present facts essential to defend her position, in addition to those submitted to the Court with the Plaintiff's brief.

FURTHER AFFIANT SAYETH NAUGHT


Margaret Behringer Maloney

Sworn and subscribed before me
this the 24th day of July, 2014

Notary Public

My commission expires: May 6, 2019

