IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:14-CV-251

| | |
|---|---|
| MARCIA ZUZUL,<br><br>Plaintiff,<br><br>v.<br><br>ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS AGENCY, and WILLIAM PEARSON, M.D.<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM IN SUPPPORT OF PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO RULE 56(D)** |

NOW COMES Plaintiff, Marcia Zuzul, ("Plaintiff") through her counsel, and respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d) (the "Rule 56(d) Motion").

## PROCEDURAL HISTORY

On May 29, 2014, Defendant Eric K. Shinseki, Secretary of the Department of Veterans Affairs Agency and the United States of America filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. In support of its dispositive motions, Defendants submitted the Declarations of Winnie Reaves and Daniel C. Rattray and supporting exhibits. On June 2014, Plaintiff filed a Motion for Extension of Time to Respond to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment. The Court granted the extension on June 19, 2014, extending Plaintiff's time to respond until July 24, 2014. In this Rule 56(d) Motion, Plaintiff requests the opportunity to conduct essential discovery in support of her claims and in opposition to Defendants' Motion for Summary Judgment.

1

**ARGUMENT**

**I. LEGAL STANDARD.**

Rule 56(d) requires that the court refuse to grant summary judgment "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Ingle ex. rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (quoting *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995); *Greater Baltimore Ctr. for Pregnancy Concerns v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013). Pursuant to Rule 56(d), "if a non-movant shows by affidavit…that for specified reasons, it cannot present facts essential to justify its opposition, the court may…deny [the motion for summary judgment]." Fed. R. Civ. P. 56(d). The purpose of the affidavit is to allow the court to ensure that the non-movant is invoking this protection in good faith and assess the merit of the opposition. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002).

"[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information essential to its opposition." *Harrods,* 302 F.3d at 244 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, (1986)). "The denial of a Rule 56([d]) application is generally disfavored where the party makes (a) timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Ingle,* 439 F.3d at 196 (quoting *VISA Int'l. Serv. Ass'n. v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). An affidavit which states that the nonmoving party cannot properly oppose summary judgment without the opportunity to conduct discovery "is broadly favored and liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions it cannot adequately oppose." *Greater Baltimore Ctr.*, 721 F.3d at 281 (quoting *Raby v. Livingston,* 600 F.3d 552, 561

(5th Cir. 2010) (internal quotations omitted). Moreover, a court should hesitate before denying a Rule 56(d) if the party opposing summary judgment is seeking relevant facts, particularly complex facts about intent and motive, possessed only by the moving party. *Ingle,* 439 F.3d at 196-97; *Harrods*, 302 F.3d at 246-47.

## II. DEFENDANTS' ALTERNATIVE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE PARTIES HAVE NOT CONDUCTED DISCOVERY.

Though the Court has discretion to convert a motion to dismiss to a motion for summary judgment, the Court's discretion to do so is limited by the general rule that summary judgment is only appropriate after parties have had adequate time to conduct discovery. *Pueschel v. U.S.*, 369 F.3d 345, 353 n. 3 (4th Cir. 2004); *Gay v. Wall*, 761 F.2d 175, 177-78 (4th Cir. 1985); *Evans v. Tech. Applications and Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). This Court has held that a motion to dismiss should not be converted to a motion for summary judgment where a pretrial order has not been issued, discovery has not been conducted, and an affidavit conforming with the requirements of Rule 56(d) has been filed. *McDonald Bros. Inc. v. Tinder Wholesale, LLC,* 395 F.Supp.2d 255, 259 (M.D.N.C. 2005). Discovery is considered essential in contested proceedings prior to summary judgment because a party's assertion that a genuine issue of material fact is in dispute must be supported by citations to the "record, including depositions, documents, stipulations..., admissions, interrogatory answers, or other materials." *Greater Baltimore Ctr.*, 721 F.3d at 280.

In this case, Plaintiff, by and through her attorneys, has presented a motion and affidavit pursuant to Rule 56(d) that she has not yet had the opportunity to engage in any discovery, including the discovery of facts which are essential to fully articulate her opposition to Defendants' Motion for Summary Judgment and are solely in the possession of the moving

3

party, the United States of America and by extension the W.G. "Bill" Hefner Medical Center ("VAMC"). This Court has not yet issued a pretrial order. As such, the Court should deny Defendants' Motion for Summary Judgment at this time, or, alternatively, defer ruling until the parties have had the opportunity to conduct discovery.

> **III. PLAINTIFF'S AFFIDAVIT IDENTIFIES ESSENTIAL FACTS SHE WILL OBTAIN IN DISCOVERY TO CREATE A GENUINE ISSUE OF MATERIAL FACT JUSTIFYING HER OPPOSITION TO SUMMARY JUDGMENT.**

Specifically, Plaintiff's counsel averred that to properly oppose the summary judgment motion, she will seek complex factual information in discovery related to motive and intent about Pearson and the Agency's actions and failure to protect her from harassment, hostile work environment, discrimination, or retaliation, as well as evidence of additional instances of harassment, hostile environment, discrimination, and retaliation. Motive and intent to treat Plaintiff differently because of her sex, race, or previous EEO activity are genuine issues of material fact in Plaintiff's disparate treatment, retaliation, and hostile work environment claims. To demonstrate genuine issues of material fact on motive and intent, Plaintiff will seek information through discovery about the conduct and circumstances of the adverse employment actions, complaints about Plaintiff, investigations, meetings, and evaluations; this information is also relevant to causation. Plaintiff will also seek comparator information and the policies and procedures regarding patient care, practice standards, EEO investigations, and remedial actions to demonstrate that Plaintiff has been treated differently because of her race, gender, and previous EEO activity.

There is a reasonable basis to believe that this information exists because of the adverse actions, meetings, alleged complaints about her, unauthorized audits, and fact findings of which Plaintiff is aware. Further, Plaintiff has observed that she is the only CRNA to be targeted in this

4

manner. (Dkt. No. 5 at ¶¶ 43-44, 61, 81). However, this information regarding the VAMC's motive and intent for harassment, hostile work environment, retaliation, discriminatory actions, or failure to protect Plaintiff, and the terms and conditions of her comparators' employment, is in the sole possession of the VAMC.

Likewise, Pearson's motive and intent for harassment, hostile work environment, retaliation, or discriminatory actions is the sole possession of Pearson or the VAMC. Therefore, Plaintiff does not have access to this information or witnesses who can testify about this information without discovery.

In addition, Plaintiff's counsel averred that to properly oppose the summary judgment motion, Plaintiff needs to complete discovery regarding adverse actions against her related to her retaliation and disparate treatment claims. As such, Plaintiff specifically delineates that discovery regarding the circumstances of, decisions to implement, and pretextual reasons for adverse actions will establish genuine issues of material fact that Plaintiff's employment has been negatively impacted and she has been subjected to increased scrutiny through the Focused Professional Practice Evaluation ("FPPE"), audits of her patient care, complaints about her, disparagement of her, and negative presentations to professional committees and management within the VAMC.

Because of the subject matter of the complaints and investigations, Plaintiff is also in need of discovery on the policies and procedures regarding patient care, the nursing professional standards committee, and the issuance of FPPEs. There is no doubt that Plaintiff's personnel file contains information regarding the FPPE and communications about her were made to the nursing professional standards committee; therefore, it is reasonable to believe that there is information in management's files and the nursing professional standards committee files

5

regarding the same. (Dkt. No. 5 at ¶ 61). Plaintiff was told there were audits of charts and unidentified complaints about her monitoring of vital signs; it is also reasonable to believe that there is discoverable information regarding these complaints and audits. (Dkt. No. 5 at ¶¶ 43, 51, 60). Further, Plaintiff is in need of discovery regarding the effects of these actions on the terms and conditions of her employment to present further information about the adverse affects on her future promotions, raises, and retention. Absent discovery, Plaintiff does not have access to this essential information, which is in the possession of the VAMC.

Plaintiff also needs to complete discovery regarding Pearson's harassment of her, and the VAMC's failure to appropriately remedy the harassing behavior for the hostile work environment claim. The terms and conditions of Plaintiff's employment, as well as the reasonableness of the VAMC's response to her complaints, create genuine issues of material fact in Plaintiff's hostile work environment claim because the VAMC has asserted that it has responded appropriately to her complaints and the environment is not hostile. (Dkt. No. 10-8 at ¶4; Dkt. No. 10-21). The structure and function of the Anesthesia Department, including the reporting and supervisory structure and job duties for individuals named in this Action, are essential to understanding the management structure and the job duties and authority of the individuals involved. Further, it is essential to have discovery on equal employment opportunity policies and employee protection from tortious conduct in relation to Defendants' argument that it has adequately resolved the issues. This information exists and is solely within the control of Defendants.

//

## CONCLUSION

For the reasons stated above, Plaintiff asks the Court to grant her Motion for Relief Pursuant to Rule 56(d).

Respectfully submitted this the 24th day of July, 2014.

          **MALONEY LAW & ASSOCIATES, PLLC**

          /s/ Margaret Behringer Maloney
          Margaret Behringer Maloney, N.C. Bar No. 13253
          Tamara L. Huckert, N.C. Bar No. 35348
          Audrey C. Page, N.C. Bar No. 32857
          1824 East 7th Street
          Charlotte, NC 28204
          mmaloney@maloneylegal.com
          thuckert@maloneylegal.com
          apage@maloneylegal.com
          Telephone:  704-632-1622
          Facsimile:  704-632-1623
          *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO RULE 56(D)** with the Clerk of Court using the CM/ECF system which will send electronic notification to counsel for Defendants as follows:

                          Joan B. Binkley
                          Assistant United States Attorney
                          NCSB # 18100
                          United States Attorney's Office
                          101 South Edgeworth Street, 4th Floor
                          Greensboro, NC 27401
                          Telephone: (336) 333-5351
                          joan.binkley@usdoj.gov

                          John Brem Smith
                          SMITH LAW FIRM, P.C.
                          5950 Fairview Road, Suite 710
                          Charlotte, North Carolina 28210
                          jsmith@smithlawfirm.biz

     This the 24th day of July, 2014.


                          /s/ Margaret Behringer Maloney
                          Margaret Behringer Maloney


MALONEY LAW & ASSOCIATES, PLLC
1824 East Seventh Street
Charlotte, NC  28204
Telephone: (704) 632-1622
Facsimile: (704) 632-1623